UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

```
* * * * * * * * * * * * * * *
UNITED STATES OF AMERICA,    * CRIMINAL NO. 7:24-CR-00031
                             * APRIL 02, 2024  9:42 A.M.
               Plaintiff,    * GUILTY PLEA HEARING
                             *
vs.                          *
                             *
RICHARD WALKER,              * Before:
                             * HONORABLE DONALD C. COGGINS, JR.
                             * UNITED STATES DISTRICT JUDGE
               Defendant.    * DISTRICT OF SOUTH CAROLINA
* * * * * * * * * * * * * * *
```

APPEARANCES:


For the Plaintiff:        JAMIE L. SCHOEN, AUSA
                          United States Attorneys Office
                          55 Beattie Place, Suite 700
                          Greenville, SC  29601


For the Defendant:        LORA BLANCHARD, ESQUIRE
                          Federal Public Defenders Office
                          75 Beattie Place, Suite 950
                          Greenville, SC  29601



Court Reporter:           Michele E. Becker, RMR, CRR, RPR
                          250 E North Street
                          Greenville, SC  29601
                          (864) 905-8888



Proceedings recorded by mechanical stenography, transcript
produced by computer.

2

1    (Court convened at 9:42 a.m.)

2    (Excerpts not transcribed at request of counsel.)

3             **MS. SCHOEN:**  Good morning, Your Honor.  The next

4    case is United States versus Richard Brian Walker.  This is

5    7:24-31.  Mr. Walker is present and represented by his

6    attorney, Ms. Laura Blanchard, and we're here for a change of

7    plea.

8             **THE COURT:**  All right.  Ms. Blanchard.

9             **MS. BLANCHARD:**  Yes, Your Honor.  We're ready to

10   plead guilty.

11            **THE COURT:**  All okay.  All right.  Madam Clerk, if

12   you would swear the defendant.

13             **THE CLERK:**  Sir, please stand, raise your right

14   hand and state your name for the record.

15            **THE DEFENDANT:**  Richard Brian Walker.

16            (Whereupon, the defendant is duly sworn on oath.)

17            **THE DEFENDANT:**  Yes.

18            **THE COURT:**  Thank you, sir.  Mr. Walker, it's my

19   understanding from the government and your attorney that you

20   wish to change your plea and enter a plea of guilty this

21   morning.  Is that correct?

22            **THE DEFENDANT:**  Yes, sir.

23            **THE COURT:**  All right.  Ms. Blanchard, I have not

24   received a written plea agreement.  Is there one in this case?

25            **MS. BLANCHARD:**  There is not.

3

1      **THE COURT:**  Okay.  Have you had sufficient time to

2  confer with Mr. Walker and discuss this case with him?

3      **MS. BLANCHARD:**  Yes, Your Honor.

4      **THE COURT:**  Have you advised him of his rights and

5  explained the Court process to him?

6      **MS. BLANCHARD:**  I have.

7      **THE COURT:**  Do you believe he understands what he's

8  doing today?

9      **MS. BLANCHARD:**  Yes, Your Honor.

10     **THE COURT:**  All right.  Mr. Walker, before I can

11 accept your guilty plea it's necessary for me to make sure

12 that you're pleading guilty freely, voluntarily, and

13 knowingly.  Because by pleading guilty to these charges,

14 you're going to be giving up some important rights and

15 possible legal defenses that you may have as a criminal

16 defendant.  In order for me to make that determination, it's

17 necessary for me to ask you a number of questions this

18 morning.  It's very important that you listen carefully to all

19 of my questions and everything that is said during this

20 hearing.  If at any time during this hearing I give you

21 information that is different from what someone else may have

22 told you, even if it's different from what Ms. Blanchard has

23 told you, you need to rely upon what I tell you this morning.

24 If I ask a question that you do not understand or use a word

25 or phrase that you don't understand, you need to stop me and

1    let me know that so that I can either explain the question or

2    rephrase it for you.  If you don't say anything I'm going to

3    presume that you understood all of my questions and everything

4    else that is said during this hearing.  And finally, if at any

5    time during my questioning this morning you believe it's

6    necessary for you to confer privately with your attorney, all

7    you need to do is let me know that and I'll be happy to give

8    you that opportunity.  Do you understand all of that?

9              THE DEFENDANT:  Yes, sir.

10             THE COURT:  Now, Mr. Walker, you've been placed

11   under oath, and everything you tell me from here on out is

12   material to your case so that if you answer any of my

13   questions falsely, those false answers could be used against

14   you in a later proceeding which could include a prosecution

15   for perjury or for making false statements to the Court.  Do

16   you understand that?

17             THE DEFENDANT:  Yes, sir.

18             THE COURT:  All right.  You are Richard Brian

19   Walker?

20             THE DEFENDANT:  Yes, sir.

21             THE COURT:  How old are you, Mr. Walker?

22             THE DEFENDANT:  49.

23             THE COURT:  How far did you go in school?

24             THE DEFENDANT:  Eleventh grade.

25             THE COURT:  All right.  And where were you born,

1   sir?

2          THE DEFENDANT:  Columbus, North Carolina.

3          THE COURT:  Do you have any difficulty whatsoever

4   understanding or communicating in the English language?

5          THE DEFENDANT:  No, sir.

6          THE COURT:  Now Mr. Walker, I have a number of

7   questions I have to ask of you that are somewhat personal in

8   nature, but I have to ask these of every defendant in your

9   position, so please don't be offended by my asking you.  Have

10  you used any type of alcohol or drug within the last 24 hours?

11         THE DEFENDANT:  No, sir.

12         THE COURT:  As you stand here today are you under

13  the influence of any type of alcohol, drug, medication, or any

14  other substance that would affect your judgment, that is,

15  affect your ability to understand what you're doing?

16         THE DEFENDANT:  No, sir.

17         THE COURT:  Do you suffer from any type of medical

18  condition whether mental, physical, or emotional that would

19  affect your judgment, that is, affect your ability to

20  understand what you're doing?

21         THE DEFENDANT:  No, sir.

22         THE COURT:  All right.  I'll state for the record

23  that based upon Mr. Walker's appearance, his demeanor, and his

24  responses to my questions thus far I do not believe that he is

25  impaired in any way.

1          Now Mr. Walker, are there any medications that have

2 been prescribed for you that you're supposed to be taking but

3 you're not currently taking as directed?

4          THE DEFENDANT:  No, sir.

5          THE COURT:  Have you ever been treated for any type

6 of mental illness?

7          THE DEFENDANT:  No, sir.

8          THE COURT:  Have you ever been treated for any type

9 of addiction to narcotic drugs?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  Tell me about that.  When was that?

12          THE DEFENDANT:  It was roughly '16 and '17 for

13 alcohol.

14          THE COURT:  All right.  And did you complete that

15 treatment?

16          THE DEFENDANT:  Yes, sir.

17          THE COURT:  All right.  Is there anything about

18 either your alcohol addiction or any type of medication that

19 may have been used during that treatment or the lack of

20 continuing treatment that would affect your ability to

21 understand what you're doing?

22          THE DEFENDANT:  No, sir.

23          THE COURT:  All right.

24          MS. BLANCHARD:  Your Honor, can I have just a

25 moment?

1          THE COURT:  Yes.

2          (Pause.)

3          MS. BLANCHARD:  Your Honor, he also just finished a

4     sentence at the South Carolina Department of Corrections.  He

5     did receive treatment there through their ATU unit.

6          THE COURT:  That's fine.  Same question.  Anything

7     about that treatment or the condition to which you were

8     treated that would have any effect on your ability to

9     understand today?

10          THE DEFENDANT:  Yes, sir -- I mean, no.

11          THE COURT:  Let's try that again.  Make sure we've

12     got a clear record.

13          Anything about that that would affect your ability

14     to understand what you're doing today?

15          THE DEFENDANT:  No, sir.

16          THE COURT:  All right.  Have you recently been seen

17     by any type of doctor, psychiatrist, psychologist, mental

18     health professional?

19          THE DEFENDANT:  No, sir.

20          THE COURT:  Are you satisfied with the services of

21     your attorney?

22          THE DEFENDANT:  Yes, sir.

23          THE COURT:  Do you understand what we're doing

24     today, what the purpose of this hearing is?

25          THE DEFENDANT:  Yes, sir.

1      THE COURT:  Have you had sufficient time to meet

2  with your lawyer and discuss your case with her?

3      THE DEFENDANT:  Yes, sir.

4      THE COURT:  Has Ms. Blanchard advised you of your

5  rights and explained the court process to you?

6      THE DEFENDANT:  Yes, sir.

7      THE COURT:  Has she specifically explained the

8  possible consequences that may take place as a result of this

9  proceeding, that is, as a result of you pleading guilty?

10      THE DEFENDANT:  Yes, sir.

11      THE COURT:  Have you told her everything that you

12  want or need to tell her about your case?

13      THE DEFENDANT:  Yes, sir.

14      THE COURT:  Has she done everything you've asked her

15  to do for you?

16      THE DEFENDANT:  Yes, sir.

17      THE COURT:  Is there anything else you would like

18  for her to do for you before we proceed today?

19      THE DEFENDANT:  No, sir.

20      THE COURT:  Are you ready to proceed?

21      THE DEFENDANT:  Yes, sir.

22      THE COURT:  And do you authorize her to speak on

23  your behalf during this hearing?

24      THE DEFENDANT:  Yes, sir.

25      THE COURT:  All right.  Ms. Blanchard, taking into

1    consideration everything you know about Mr. Walker's case, do

2    you agree with his decision to plead guilty?

3              **MS. BLANCHARD:**  Yes, Your Honor.

4              **THE COURT:**  Have any concerns about his competence

5    to make that decision?

6              **MS. BLANCHARD:**  No, Your Honor.

7              **THE COURT:**  Any concerns as to competency from the

8    government?

9              **MS. SCHOEN:**  No, Your Honor.

10             **THE COURT:**  I find that the defendant, Richard Brian

11   Walker, is competent to plead guilty to the charges against

12   him and I so find for purposes of this record.

13             Now Mr. Walker, it's my understanding you are named

14   in an 11-count indictment.  The indictment is simply the

15   written document the government uses to charge you with a

16   crime.  It's not evidence of anything.  Not proof of anything.

17   It's just the allegations the government's making about what

18   they believe you did that violated the law.  Have you had an

19   opportunity to review the indictment in your case with your

20   attorney?

21             **THE DEFENDANT:**  Yes, sir.

22             **THE COURT:**  Has Ms. Blanchard gone over the

23   indictments with you?

24             **THE DEFENDANT:**  Yes, sir.

25             **THE COURT:**  Has she explained the charges to you?

1      THE DEFENDANT:  Yes, sir.

2      THE COURT:  Do you understand what the government

3  would have to prove in order to prove you guilty of those

4  charges?

5      THE DEFENDANT:  Yes, sir.

6      THE COURT:  Do you understand the penalties that you

7  may face if you are convicted of those charges?

8      THE DEFENDANT:  Yes, sir.

9      THE COURT:  All right.  It's not that I don't

10  believe you, but in order to establish for the record that you

11  do in fact understand the nature of the charges that you're

12  offering to plead guilty to, the essential elements the

13  government would have to prove if the case went to trial, and

14  the maximum penalties that you may face, I'm going to ask the

15  assistant U.S. attorney to briefly go over the charges that

16  you are offering to plead guilty to today, the essential

17  elements the government would have to prove, and the penalties

18  associated with those charges, and I'll ask you to listen

19  carefully as she does so.  Ms. Schoen.

20      MS. SCHOEN:  Yes, Your Honor.  The penalties for

21  count 1 and count 2 in the indictment are the same, and so

22  I'll read the elements of those counts first and then I will

23  read their penalties together.

24      Count 1 charges that Mr. Walker violated 21 U.S.C.

25  846, 841(b)(1)(A), and 841(b)(1)(B), that is, conspiracy to

1    possess with intent to distribute and to distribute

2    methamphetamine and fentanyl.  The elements of these are, one,

3    there was an agreement between two or more persons to possess

4    with intent to distribute and to distribute controlled

5    substances, that is methamphetamine and fentanyl, both

6    Schedule II controlled substances as charged in count 1.  And

7    I will not read the entire chemical name for fentanyl on the

8    record.  The defendant knowingly and voluntarily participated

9    in or became part of this agreement.  And three, the defendant

10   distributed a quantity of the controlled substances equal to

11   or in excess of the amount charged in count 1, agreed to

12   assist in the distribution of a quantity of the controlled

13   substances equal to or in excess of the amount charged in

14   count 1, or the distribution of the threshold quantity of the

15   controlled substances equal to or in excess of the amount

16   charged in count 1 was reasonably foreseeable to the

17   defendant, and the same was within the scope of the

18   defendant's agreement and understanding, that is, 500 or more

19   grams of a mixture or substance containing a detectable amount

20   of methamphetamine and 40 grams or more fentanyl.

21          The elements for count 2, that is possession with

22   intent to distribute methamphetamine and fentanyl.

23          **MS. BLANCHARD:**  Seven?

24          **MS. SCHOEN:**  I'm sorry.  Count 7, my apologies --

25   are, one, the defendant possessed the amount of controlled

substance alleged in the indictment, that is, 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, and 40 grams or more of fentanyl, including the chemical name for that substance, both Schedule II controlled substances.  Two, the defendant knew the substances possessed were controlled substances under the law at the time of possession.  And three, the defendant did so with intent to distribute the controlled substances.

The penalties for both count 1 and count 7 are for (b)(1)(A), imprisonment at least ten years and up to life, supervised release at least five years and up to life, a fine of up to $10 million, and a special assessment of $100.  For 841(b)(1)(B), the penalties are imprisonment of at least five years and up to 40 years, supervised release not less than four years and up to life, a fine of up to $5 million, and special assessment of $100.

For count 7, this is felon in possession of a firearm in violation of 18 U.S.C. 922(g)(1).  The elements are, one, the defendant knowingly possessed a firearm as charged in the indictment.  Two, at the time the defendant possessed the firearm the defendant had previously been convicted of a crime punishable by imprisonment for a term exceeding one year.  Three, the defendant knew that the defendant had a prior conviction punishable by imprisonment for a term exceeding one year, and four, the firearm had

traveled in interstate or foreign commerce.  The penalty for this offense is imprisonment not more than 15 years, a fine of up to $250,000, supervised release of not more than five years, and a special assessment of $100.

For count 9, this is the possession of a short barrel rifle that was not serialized in violation of 26 U.S.C. Section 8 -- Section 5861(i).  One, the defendant possessed a firearm, specifically a short barreled rifle, that is a rifle having a barrel in length of less than 16 inches.  Two, the firearm was not identified by a serial number as required by the National Firearms Act.  And three, the defendant acted knowingly.  The penalty for this offense is imprisonment of not more than ten years, supervised release of not more than three years, a fine of $10,000, and a special assessment of $100.

The last offense is count 10.  This is possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. 924(c)(1)(A).  The elements are, one, the defendant knowingly possessed a firearm and, two, the defendant did so in furtherance of a drug trafficking crime which may be prosecuted in federal court as charged in count 7 of the indictment.  The penalty for this offense is imprisonment of not less than five years consecutive to any other sentence and up to life, supervised release of not more than five years, a fine of up to $250,000, and a special

1   assessment of $100.

2         THE COURT:  Thank you.  All right.  Mr. Walker, so

3   you are offering to plead guilty to counts 1, 7, 8, 9 and 10

4   of the indictment; is that correct?

5         THE DEFENDANT:  Yes, sir.

6         THE COURT:  And did you listen carefully to the

7   information that was provided by the prosecutor with respect

8   to the elements and penalties related to those charges?

9         THE DEFENDANT:  Yes, sir.

10        THE COURT:  And did you understand the information

11  that was provided?

12        THE DEFENDANT:  Yes, sir.

13        THE COURT:  And I noted during the prosecutor's

14  recitation of those things you and Ms. Blanchard were looking

15  at a document.  Were you following along on the elements and

16  penalties sheet as that information was provided?

17        THE DEFENDANT:  Yes, sir.

18        THE COURT:  All right.  Again, do you understand

19  that?

20        THE DEFENDANT:  Yes, sir.

21        THE COURT:  Have any questions about it?

22        THE DEFENDANT:  No, sir.

23        THE COURT:  All right.  Understanding that do you

24  still wish to plead guilty?

25        THE DEFENDANT:  Yes, sir.

1          THE COURT:  I find that the defendant, Richard Brian

2    Walker, fully comprehends and understands the nature of the

3    charges against him and generally what elements the government

4    would have to prove if a trial were held, as well as the

5    penalties associated with the these offenses.

6          Now Mr. Walker, as I indicated earlier, by pleading

7    guilty to these charges you're going to be giving up certain

8    important rights and possible legal defenses that you may have

9    under the law.  I want to briefly go over some of those with

10   you at this time.  Under the Constitution and laws of the

11   United States, you have a right to plead not guilty.  And if

12   you plead not guilty, you are entitled to a public and speedy

13   trial by a jury on the charges contained in the indictment.

14   Does not matter to this Court whether you choose to plead

15   guilty or not guilty.  If you decide to plead not guilty and

16   you request a trial by jury, you would also be entitled to a

17   number of procedural rights as a defendant in a criminal case.

18   I want to go over some of those with you at this time.

19          If a trial were held you would have the right to the

20   assistance of counsel for your defense at every stage of your

21   case, and if you could not afford an attorney, one would be

22   appointed for you without cost to you.  Of course you're

23   currently being represented by very experienced and competent

24   legal counsel at this time, and I expect that Ms. Blanchard

25   would remain with you throughout the trial of your case.

1    There's no burden of proof upon you whatsoever.
2    You're presumed innocent of any and all charges until and
3    unless the government proves you guilty of each and every
4    element of offenses beyond reasonable doubt.  You would be
5    presumed innocent, and the government would be required to
6    prove you guilty by competent evidence and beyond a reasonable
7    doubt before you could be found guilty, and you would not have
8    to prove your innocence.

9    The witnesses for the government would have to come
10   here to court and testify in your presence, and your attorney
11   could cross-examine those witnesses, and she could also object
12   to other items that the prosecution seeks to introduce into
13   evidence.  And while there's no burden of proof upon you, if
14   you so choose, your attorney could offer evidence on your
15   behalf.  And, again, while there's no burden of proof upon
16   you, if a trial were held, you would have the right to testify
17   in your defense if you chose to do so.  However, you would
18   also have the absolute right not to testify.  And if you chose
19   not to testify, I would specifically inform and instruct the
20   jury that no inference or suggestion of guilt whatsoever could
21   be drawn from the fact that you did not testify.

22   You would have the right to the issuance of
23   subpoenas to compel the attendance of witnesses to come and
24   testify in your defense and to compel the production of other
25   evidence for your defense.  In other words, while there's no

1  burden of proof upon you, if a trial were held and you had

2  witnesses that you wanted to come here to court to testify on

3  your behalf, this Court will assist you and your attorney in

4  having those witnesses brought to court.

5          Finally, if a trial is held, in order for you to be

6  found guilty, the jury will have to reach a unanimous verdict

7  by all of the jury members.

8          Now Mr. Walker, do you understand these important

9  rights as I have outlined them for you?

10          **THE DEFENDANT:**  Yes, sir.

11          **THE COURT:**  If you plead guilty and I accept your

12  plea, you'll be giving up your right to a jury trial and all

13  of these other rights I have just listed for you.  There will

14  be no trial, and I will enter a judgment of guilt and sentence

15  you on the basis of your guilty plea.  Do you understand that?

16          **THE DEFENDANT:**  Yes, sir.

17          **THE COURT:**  If you plead guilty, you will also have

18  to give up your right not to incriminate yourself since I'll

19  be asking you questions about what you did in order to satisfy

20  myself that you are in fact guilty as charged, and you have to

21  acknowledge and admit to your guilt.  Do you understand that?

22          **THE DEFENDANT:**  Yes, sir.

23          **THE COURT:**  Now, given the nature of this case I

24  don't know if restitution will be an issue or not, and it may

25  not be.  But if restitution is an issue in the case and you

1    plead guilty and I accept your plea, you may be required to

2    make restitution to one or more victims of your acts either by

3    the payment of money or in personal services as may be

4    directed by this Court.  If such restitution is ordered, your

5    failure to comply may be the basis for revoking any period of

6    supervised release that might be imposed as a part of your

7    sentence.  Do you understand that?

8         **THE DEFENDANT:**  Yes, sir.

9         **THE COURT:**  The offenses to which you're offering to

10   plead guilty are felony offenses.  If your plea is accepted

11   you may be deprived of valuable civil rights, such as the

12   right to vote, to hold public office, to serve on a jury, and

13   to possess any kind of firearm.  It may also affect your

14   ability to receive certain government benefits.  Do you

15   understand that?

16        **THE DEFENDANT:**  Yes, sir.

17        **THE COURT:**  Now, if the offense to which you're

18   pleading guilty carries a maximum sentence of 20 years or

19   more, and at least one of these does, you would be statutorily

20   ineligible for a probationary sentence pursuant to 18 U.S.C.

21   Section 3561(a)(1).  Do you understand that?

22        **THE DEFENDANT:**  Yes, sir.

23        **THE COURT:**  If forfeiture is an issue in the case

24   and, again, given the nature of the case it may very well be,

25   if you plead guilty and I accept your plea I can order you to

1  forfeit certain property to the government.  Do you understand
2  that?

3         **THE DEFENDANT:**  Yes, sir.

4         **THE COURT:**  If you plead guilty, the Court is
5  obligated to impose a mandatory special assessment fee as to
6  each count of the indictment that you are admitting to, and
7  that fee is payable immediately upon sentencing.  In this case
8  I believe you are offering to plead guilty to five counts, so
9  that would be $500.  Do you understand that?

10        **THE DEFENDANT:**  Yes, sir.

11        **THE COURT:**  Now, Mr. Walker, if you plead guilty or
12 if you were to be convicted by a jury after a trial in this
13 case, then it will fall to this Court to determine the
14 appropriate sentence to be imposed in your case.  In
15 determining the appropriate sentence, I'm required to consider
16 the statutory sentencing factors set out by Congress in Title
17 18 of the United States Code at Section 3553(a), as well as
18 the advisory sentencing guidelines issued by the United States
19 Sentencing Guidelines Commission.  Those guidelines are used
20 as the starting point in determining your sentence.  The Court
21 is obligated to calculate the applicable guideline range and
22 to consider that range as well as any possible departures or
23 variances under the sentencing guidelines and other factors
24 under 18 U.S.C. Section 3553(a).  The Court will also consider
25 the purposes of sentencing which include punishment,

1 deterrence, incapacitation, and rehabilitation in making its
2 determination.  Do you understand all of that?
3          THE DEFENDANT:  Yes, sir.
4          THE COURT:  Now Mr. Walker, have you and
5 Ms. Blanchard talked about how the statutory factors and
6 advisory guidelines may affect your sentence in this case?
7          THE DEFENDANT:  Yes, sir.
8          THE COURT:  You understand that I will not be able
9 to determine the guideline range that applies to your case
10 until the presentence report has been completed, and both you
11 and the government have had an opportunity to challenge the
12 reported facts and the application of the guidelines as
13 recommended by the probation officer who prepares that report.
14          THE DEFENDANT:  Yes, sir.
15          THE COURT:  Do you understand that even after it has
16 been determined what guidelines apply in your case, I have the
17 authority to impose a sentence that is more severe or less
18 severe than the guidelines because those guidelines are only
19 advisory?
20          THE DEFENDANT:  Yes, sir.
21          THE COURT:  Do you understand that any sentence I
22 may ultimately impose upon you may be different from and
23 possibly greater than any estimate your attorney or anyone
24 else may have given you?
25          THE DEFENDANT:  Yes, sir.

1        THE COURT:  Now, Mr. Walker, in calculating the

2    range of sentence under the advisory guidelines and

3    determining an appropriate sentence in your case, this Court

4    will take into account all conduct, circumstances, and

5    injuries associated with your criminal conduct whether or not

6    that conduct is formally charged by the government or included

7    in the counts you are admitting to in the indictment.

8        The Court will consider all relevant conduct at the

9    time of your sentencing.  There is no limitation on the

10   information this Court can consider at the time of your

11   sentencing concerning your background, your character, and

12   your conduct, so long as that information is reliable.  The

13   Court will take all of the factors and all of this information

14   into consideration in determining an appropriate sentence

15   under the facts and circumstances of your particular case.  Do

16   you understand that?

17       THE DEFENDANT:  Yes, sir.

18       THE COURT:  Do you understand that under some

19   circumstances either you or the government may have the right

20   to appeal any sentence that I may impose?

21       THE DEFENDANT:  Yes, sir.

22       THE COURT:  Do you understand that parole has been

23   abolished, and if you are sentenced to prison you'll not be

24   released early on parole?

25       THE DEFENDANT:  Yes, sir.

1          **THE COURT:** Do you understand that if your sentence

2    is more severe than you expected, you will still be bound by

3    this guilty plea and you will not have the right to withdraw

4    it?

5          **THE DEFENDANT:** Yes, sir.

6          **THE COURT:** Mr. Walker, has anyone made any promises

7    or guarantees to you about what your sentence will be or

8    anything else related to this matter in order to get you to

9    plead guilty?

10          **THE DEFENDANT:** No, sir.

11          **THE COURT:** Has anybody threatened you or pressured

12    you or coerced you any way to get you to plead guilty?

13          **THE DEFENDANT:** No, sir.

14          **THE COURT:** Are you pleading guilty of your own free

15    will because you are, in fact, guilty?

16          **THE DEFENDANT:** Yes, sir.

17          **THE COURT:** Now, Mr. Walker if you plead guilty and

18    I except your plea, the law provides upon your release from

19    any term of incarceration you'll be subject to a term of

20    supervised release.  When you're placed on supervised release,

21    you'll be under an order of this Court that prescribes the

22    rules for your behavior while you're on supervised release.

23    If you violate any term or condition of supervised release,

24    that is, any term or condition of this Court's order you can

25    be given additional time in prison.  Do you understand that?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  All right.  I understand that you and

3     Ms. Blanchard have talked about how the guidelines may affect

4     your sentence in this case.  But has anybody made any kind of

5     prediction or promise to you about what your sentence will be?

6          THE DEFENDANT:  No, sir.

7          THE COURT:  All right.  In order for me to establish

8     that there is a factual basis for the guilty plea you are

9     offering this morning, it's necessary for me to have the

10    government summarize the facts and evidence that they believe

11    they would be prepared to show to a jury at the trial of the

12    case.  Essentially what I'm going to ask Ms. Schoen to do is

13    tell me what the government believes they can prove you did.

14    I want you to listen carefully to that information because I'm

15    going to ask you about it when she's finished.  Ms. Schoen.

16         MS. SCHOEN:  Mr. Walker conspired with others

17    including Rebecca Whitesides and Jeffrey Wilson to possess

18    with intent to distribute and to distribute 500 grams or more

19    of a mixture or substance containing a detectable amount of

20    methamphetamine, and 40 grams or more of fentanyl, knowing the

21    substances were controlled substances under the law at the

22    time.  Mr. Walker confessed that he coordinated obtaining

23    methamphetamine from a co-conspirator.  And that Whitesides

24    often provided the money for the drugs the co-conspirator

25    instructed him to pick up.  Ms. Whitesides admitted to picking

1    up both methamphetamine and drug proceeds from Mr. Walker.

2         On February 22nd, 2023, Mr. Wilson was stopped after

3    leaving Mr. Walker's house with over five kilograms of

4    methamphetamine in his car.  Wilson admitted that he had just

5    delivered multiple kilograms of methamphetamine to Mr. Walker

6    at his house.  A search warrant was conducted on Mr. Walker's

7    house and officers located over 500 grams or methamphetamine

8    and over 40 grams of fentanyl.  Additionally, Mr. Walker had

9    multiple guns and ammunition at the residence, including a

10   Palmetto State Armory PG nine millimeter short barrel rifle, a

11   short barrel rifle with unknown manufacturer, a .556 caliber

12   rifle bearing no serial number, a Glock type pistol bearing no

13   serial number.  Mr. Walker possessed the un-serialized .556

14   caliber short barrel rifle in violation of NFA.  The Glock

15   style pistol was loaded and hidden under Mr. Walker's bed.

16   The two rifles were located in the shed with the large amount

17   of methamphetamine.  Mr. Walker had assisted law enforcement

18   in finding the location of the guns.  Had the case proceeded

19   to trial an agent would have testified that based on their

20   training and experience it was their belief that the firearms

21   were possessed in furtherance of the drug trafficking crime.

22   Mr. Walker has a prior felony conviction which he knew he had

23   at the time he possessed the firearms.  The Palmetto Army

24   short barrel rifle was manufactured outside the state of South

25   Carolina, and traveled in interstate commerce to get here.

1    THE COURT:  All right.  Mr. Walker, did you listen

2  carefully to the information presented about your role in this

3  matter?

4    THE DEFENDANT:  Excuse me?

5    THE COURT:  Did you listen carefully to the

6  information presented regarding your role in this matter?

7    THE DEFENDANT:  Yes, sir.

8    THE COURT:  And was that information accurate?

9    THE DEFENDANT:  Yes, sir.

10    THE COURT:  Anything about what the prosecutor told

11  me that you disagree with or want to tell me about at this

12  time?

13    THE DEFENDANT:  No, sir.

14    THE COURT:  With respect to the firearms, do you

15  acknowledge that you were aware you were not eligible to have

16  possession of a firearm?

17    THE DEFENDANT:  Yes, sir.

18    THE COURT:  All right.  Ms. Blanchard, anything

19  else?

20    MS. BLANCHARD:  No, Your Honor.

21    THE COURT:  Anything else from the government?

22    MS. SCHOEN:  No, Your Honor.

23    THE COURT:  All right.  Based upon the information

24  that has been presented this morning I do find that there is a

25  factual basis for this guilty plea.  I further find that the

1  defendant's plea of guilty is being made freely, voluntarily,

2  and knowingly with the advice and assistance of counsel, and

3  is supported by an independent basis in fact containing each

4  of the essential elements of the offenses.  Accordingly, the

5  defendant Richard Brian Walker's plea of guilty is hereby

6  accepted and he adjudged guilty of the offenses as charged.

7          Now Mr. Walker, I'm going to refer you to the U.S.

8  Probation Office for preparation of your presentence report

9  and I'm going to direct you to cooperate with them for that

10  purpose.  Do you have any questions about that?

11          **THE DEFENDANT:**  No, sir.

12          **THE COURT:**  All right.  Anything further,

13  Ms. Blanchard?

14          **MS. BLANCHARD:**  No, Your Honor.

15          **THE COURT:**  All right.  If not, the defendant will

16  be remanded to custody pending sentencing.

17          Mr. Walker, once you get that presentence report you

18  and Ms. Blanchard will have an opportunity to review it, make

19  any objections to it, file any motions you need to.  Once that

20  process is complete, we'll schedule your sentencing hearing.

21  All right.  We'll be in recess until our next matter.  Thank

22  you.

23  (Excerpts not transcribed at request of counsel.)

24  (Whereupon, court is adjourned at 12:09 p.m.)

25

1                          CERTIFICATE

2

3        I,  Michele E. Becker, certify that the foregoing is

4        a correct transcript from the record of proceedings

5        in the above-entitled matter.

6

7   /s/  Michele E. Becker              Date:  12/23/2024

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25